IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 18, 2004

## JIMMY LESLIE SLUDER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 76772     Ray L. Jenkins, Judge**

————————

**No. E2003-02222-CCA-R3-PC - Filed June 24, 2004**

————————

The petitioner, Jimmy Leslie Sluder, appeals the trial court's dismissal of his petition for habeas corpus relief. The single issue presented for review is whether the trial court erred by dismissing the petition for writ of habeas corpus without an evidentiary hearing. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, Jimmy Leslie Sluder.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General; and Zane Scarlett, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

As the result of a driving incident occurring June 17, 1987, the petitioner entered pleas of guilt to aggravated assault, two counts of leaving the scene of an accident involving personal injury, and driving on a revoked license. A related murder charge went to trial and resulted in a jury verdict of guilt for murder in the second degree. The trial court imposed a sentence of six years for the aggravated assault and a consecutive sentence of 50 years for murder in the second degree. Because the other sentences were ordered to be served concurrently, the effective sentence was 56 years.

The facts underlying the charges had to do with the petitioner's driving recklessly, intoxicated, and at a high rate of speed. Prior to the incident, the petitioner remarked to a witness, "That's the one thing I've never done is hit a kid." Later, the petitioner announced that he was "going to kill somebody" that day and, shortly before the crimes at issue, the petitioner said, "Watch me go hit these kids." While speeding, the petitioner drove onto a sidewalk, struck two children who were riding on their bicycles, and ran into the corner of a house. The petitioner, who according to witnesses was visibly drunk, fled from the scene on foot. Later, after his arrest, a breathalyzer

examination indicated a blood alcohol content of .31%. One of the two victims, Charles Anthony Romines, was killed instantly. The other, Robert Carr, was injured. On appeal, this court affirmed. State v. Jimmy L. Sluder, No. 1236 (Tenn. Crim. App., at Knoxville, Mar. 14, 1990). Application for permission to appeal to the supreme court was denied on July 16, 1990.

In 1991, the petitioner filed a petition for post-conviction relief. Some five years later, the post-conviction court rejected the claim. On appeal, the petitioner argued that he had been denied the effective assistance of counsel. This court affirmed the denial of relief, holding that the guilty pleas to the charges other than murder in the second degree qualified as a reasonable trial strategy, that the decision not to call two potential defense witnesses was reasonable because their testimony would have been more harmful than helpful, and that the failure to argue the motion to suppress did not result in any prejudice because the petitioner was unable to demonstrate that the motion would have been granted. Jimmy Leslie Sluder v. State, No. 03C01-9605-CR-00184 (Tenn. Crim. App., at Knoxville, Feb. 27, 1997). Application for permission to appeal to the supreme court was denied on July 7, 1997.

On January 12, 2001, the petitioner filed a request to re-open the post-conviction petition, claiming that he was impermissibly sentenced as a Range II offender based on facts not set forth in the indictment or submitted to the jury in contravention of the ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000). Because Apprendi did not apply retroactively on collateral review, the post-conviction court refused to re-open the petition and this court denied application to appeal.

On March 24, 2003, the petitioner filed a pro se petition for writ of habeas corpus, alleging, among other things, that his convictions were illegal and void. Among his contentions was that a vehicular homicide precludes prosecution for second degree murder by use of an automobile. See Tenn. Code Ann. § 39-13-213. Upon motion by the state, the trial court dismissed the petition on the basis that the sentence had not expired and that the judgment of conviction was not void.

A writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition which would afford a means of relief for constitutional violations, such as the deprivation of the effective assistance of counsel, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel Newsome v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1969). A petitioner cannot attack a facially valid conviction in a habeas corpus proceeding. Potts v. State, 833 S.W.2d at 62; State ex rel Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

A sentence imposed in direct contravention of a statute is void and illegal and therefore subject to habeas corpus relief. Stephenson v. Carlton, 228 S.W.3d 910, 911 (Tenn. 2000). The petitioner has the burden of showing by a preponderance of the evidence that the sentence is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000); State ex rel Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). A void judgment is facially invalid due to a lack of statutory authority for the rendering of the judgment. A voidable judgment is one that is facially valid and requires proof in order to demonstrate its lack of validity. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998).

Here, the petitioner, while continuing to assert that his trial counsel was ineffective, primarily argued that the trial court improperly instructed the jury on second degree murder rather than vehicular homicide and that the 50-year sentence imposed for murder in the second degree was illegal because the other convictions, to which he pled guilty, enhanced his range of punishment.

In our view, the trial court properly dismissed the petition. In the direct appeal of the conviction, the issue most strenuously argued by the petitioner was resolved in the following manner:

> Contrary to the appellant's contention, the evidence in this case would have supported a finding that the homicide he committed was a "knowing killing of another." The appellant's conduct in attempting to strike two other youths, his statements that he was going to kill somebody that day, and his statement to others that they should watch him hit the two victims would support such a conviction.
>
> [T]he [s]tate established the mens rea necessary to support the . . . conviction for second degree murder. The statements made by the appellant, particularly the statement that he was going to hit the two young victims, established express malice–direct evidence of the appellant's mental state at the time he struck and killed young Romines. The physical condition and conduct of the appellant, namely, driving a motor vehicle while under the influence of an intoxicant, making a turn traveling twice as fast as the established safe speed for making the turn, his degree of intoxication as well as other conduct established implied malice–facts and circumstances surrounding the commission of the offense from which the jury could find the element of malice.
>
> * * *
>
> The appellant's argument that he should have been convicted of vehicular homicide rather than murder in the second degree based upon the rationale of the new criminal code has already been addressed in this opinion.
>
> The trial judge properly found that the appellant committed especially aggravated offenses which justified the imposition of Range II sentences [under the Tennessee Sentencing Reform Act of 1982]. Contrary to the appellant's argument,

-3-

the trial judge did not impose the Range II sentences because the offense involved two separate victims. . . .

The sentences imposed are no greater than that deserved for the offenses, and the sentences are the least severe measure necessary to achieve the purposes for which the sentences were imposed.

Jimmy L. Sluder, No. 1236, slip op. at 6-7, 13 (footnotes omitted).

Furthermore, this court on the appeal of the denial of post-conviction relief rejected the petitioner's claim that he had been denied the effective assistance of counsel by pleading guilty to all but the second degree murder charge:

[P]leading the petitioner guilty . . . was part of trial counsel's trial strategy of pleading . . . guilty to all charges except second degree murder in the hope that the jury would see that he accepted responsibility for his actions and [in the hope that the jury] would be merciful.

Jimmy Leslie Sluder, No. 03C01-9605-CR-00184, slip op. at 9.

In our view, the petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to enter a judgment of conviction or sentence. The record demonstrates that the sentence has not expired. None of the claims address the facial validity of the judgment or the jurisdiction of the convicting court. The appropriate manner for challenging a voidable judgment is through a petition for post-conviction relief. In this instance, the petitioner has exercised his entitlement to seek post-conviction relief and he has failed.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-4-